ROBERT A. CHERAMIE AND ANNA MAE LUSCO CHERAMIE
v.
FRANCIS GAYNELL WHITTINGTON, LYNN MONTE WHITTINGTON, BRIAN VELICH, SUSAN VELICH, PERRY PAUL PERQUE, RACHEL REULET PERQUE, TIMOTHY WAYNE THORNTON AND JENNIFER EAVES THORNTON
No. 2007 CA 0304.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
Not Designated for Publication
BYARD EDWARDS, JR., JENEL SECREASE, Hammond, LA, Counsel for Plaintiffs/Appellants, Robert Cheramie and Anna Mae Lusco Cheramie.
DUNCAN KEMP, III, Hammond, LA, Counsel for Defendants/Appellees, Francis Whittington, Lynn, Whittington, Thomas Thornton, and Jennifer Thornton.
BRIAN VELICH, Kentwood, LA, Defendant/Appellee, In Proper Person.
SUSAN VELICH, Kentwood, LA, Defendant/Appellee, In Proper Person.
PERRY PERQUE, Vacherie, LA, Defendant/Appellee, In Proper Person.
RACHEL PERQUE, Vacherie, LA, Defendant/Appellee, In Proper Person.
LYNN WHITTINGTON, Kentwood, LA, Defendant/Appellee, In Proper Person.
FRANCIS WHITTINGTON, Kentwood, LA, Defendant/Appeliee, In Proper Person.
Before: WHIPPLE, GUIDRY and WELCH, JJ.
WHIPPLE, J.
This matter is before us on appeal from a judgment of the Twenty-first Judicial District Court in St. Helena Parish. Plaintiffs, Robert and Anna Mae Cheramie, filed the instant boundary suit against defendants, Francis and Lynn Whittington, Brian and Susan Velich, Perry and Rachel Perque, and Timothy and Jennifer Thornton, seeking to have the boundary between the parties' property judicially determined and also seeking damages for alleged trespass. In the petition, plaintiffs alleged that they purchased a tract of land in St. Helena Parish on March 3, 1960. By cash deed dated September 26, 1967, plaintiffs sold a 100-acre portion of their tract of land in St. Helena Parish to Arnold and Dorothy Travis, defendants' ancestors in title. The cash deed describes the property sold to the Travises as a proportionate part of Township 2 South, Range 6 East of St. Helena Parish, which was described at trial as an "aliquot" or "proportionate" deed. This dispute arose over the exact location of the boundary between the tract of land retained by plaintiffs and that sold to the Travises, defendants' ancestors in title.
Notably, plaintiffs did not contend in their petition that the boundary should be set by virtue of their title. Rather, plaintiffs contended in their petition that a fence established the boundary between the plaintiffs' property and the Travises' property and that the fence had been in place for more than thirty years. Thus, in their petition, plaintiffs contended that the boundary between the plaintiffs' property and the defendants' property had been established by agreement between the plaintiffs and the Travises and by thirty years acquisitive prescription.
Following trial of this matter, the trial court rendered judgment in favor of the defendants, setting the boundary between the property belonging to the plaintiffs and the properties belonging to the defendants in accordance with the survey of John G. Cummings, dated November 24, 1998. From this judgment, plaintiffs appeal, contending that the trial court erred in finding that the plaintiffs had not acquired the strip of property in dispute, which allegedly had been enclosed by a boundary fence at one time, through good faith possession, and in adopting the defendants' "Memorandum on Conclusions of Law" as its reasons for judgment.
An owner or one who possesses as owner may bring an action to have the boundary of his property judicially fixed. LSA-C.C. arts. 786 & 789. Pursuant to LSA-C.C. art. 794, where a party possesses property beyond his title for thirty years without interruption and within visible bounds, the boundary shall be fixed along those bounds. See Secret Cove, L.L.C. v. Thomas, 2002-2498 (La. App. 1st Cir. 11/7/03), 862 So. 2d 1010, 1015, writ denied, XXXX-XXXX (La. 4/2/04), 869 So. 2d 889. Thus, where a party proves acquisitive prescription, the boundary shall be fixed according to the limits established by acquisitive prescription rather than by titles. LSA-C.C. art. 794.
Under the general codal provisions governing acquisitive prescription, a possessor lacking just title may acquire prescriptive title to land by corporeally possessing a tract for thirty years with the intent to possess as owner.[1] Such possession confers prescriptive title upon the possessor only when it is continuous, uninterrupted, peaceable, public, and unequivocal; further, such possession confers title only to such immovable property as is actually corporeally possessed. See LSA-C.C. arts. 3424, 3426, 3476, 3487, and 3488; George M. Murrell Planting & Manufacturing Company v. Dennis, XXXX-XXXX (La. App. 1st Cir. 9/21/07), 970 So. 2d 1075, 1080.
For purposes of acquisitive prescription without title, possession extends only to that which has been actually possessed. LSA-C.C. art. 3487; George M. Murrell Planting Manufacturing Company, 970 So. 2d at 1080. Actual possession must be either inch-by-inch possession or possession within enclosures. An enclosure is any natural or artificial boundary. LSA-C.C. art. 3426, 1982 Revision Comments, comment (d). The party who does not hold title to the disputed tract has the burden of proving actual possession within enclosures sufficient to establish the limits of possession with certainty, by either natural or artificial marks, giving notice to the world of the extent of possession exercised. George M. Murrell Planting & Manufacturing Company, 970 So. 2d at 1080-1081.
Whether a party has possessed property for purposes of thirty-year acquisitive prescription is a factual determination by the trial court and will not be disturbed on appeal unless it is clearly wrong. Additionally, boundary location is a question of fact, and the determination of its location by the trial court should not be reversed absent manifest error. Secret Cove, L.L.C., 862 So. 2d at 1016.
In the instant case, the record establishes that plaintiffs sold a 100-acre portion of their tract of land to the Travises in 1967. Shortly thereafter, Mr. Travis, with the knowledge of Mr. Cheramie, removed the fence that the Cheramies now contend constituted the boundary line.[2] A fence was never re-established in that location. Moreover, the survey prepared at the plaintiffs' request in 1986 does not indicate the presence of the fence, and as of the time the property was resurveyed at the plaintiffs' request in 2002, there were no indices as to the location of the old fence. Accordingly, we find no manifest error in the trial court's obvious finding that plaintiffs failed to prove thirty-years possession up to the fence, sufficient to give notice to the world of the extent of possession exercised, where the fence they rely upon was removed shortly after they sold the property to the Travises in 1967.[3]
Finding no manifest error in the trial court's findings with regard to the plaintiffs' failure to prove possession within enclosures for thirty years and with regard to the location of the boundary line, we affirm the trial court's judgment in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.1(B). Costs of this appeal are assessed against plaintiffs, Robert and Anna Mae Cheramie.
AFFIRMED.
NOTES
[1] Although the plaintiffs suggest in brief that they established the requirements for ten years acquisitive prescription, it is clear from the record on appeal that they did not have just title to the strip of property in dispute. Acquisitive prescription of ten years requires proof of possession often years, good faith, just title, and a thing susceptible of acquisition by prescription. LSA-C.C. art. 3475. A title is just for purposes of acquisitive prescription when the deed is regular in form, is valid on its face, and would convey the property if executed by the owner. See LSA-C.C. art. 3483; Harry Bourg Corporation v. Punch, 94-1557 (La. App. 1st Cir. 4/7/95), 653 So. 2d 1322, 1325. The 1967 cash deed, the surveys, and the testimony of record establish that plaintiffs do not have title to the property up to the alleged boundary line proposed by plaintiffs, and the record is devoid of any written agreement between plaintiffs and the Travises, setting forth a boundary line. Accordingly, because they lacked just title, plaintiffs had to establish acquisitive prescription by possession for thirty years in order to prevail.
[2] According to Mr. Cheramie, Mr. Travis had asked Mr. Cheramie's permission to run his cattle on a portion of Mr. Cheramie's property, and Mr. Cheramie agreed. Mr. Cheramie further testified that Mr. Travis then constructed a lane or alleyway on Mr. Cheramie's property for the purpose of moving his cattle and that, in the process of establishing the lane, Mr. Travis disassembled the fence. .
[3] The length of time that the fence was in place prior to the 1967 sale of a portion of the Cheramies' property to the Travises is irrelevant, in that the Cheramies owned the property on both sides of the fence prior to the 1967 sale, and, thus, the fence was not utilized as a boundary line prior to that time.